# Alabama Mineral Railroad Co. *v.* Southern Railway Co.

*Bill in Equity by one Railroad Company to enjoin another Railroad Company from the Use of its Tracks.*

1. *Injunction; dissolution on answer.*—Where a bill is filed by one railroad company against another railroad company to enjoin the defendant from using a side track belonging to the complainant, or from, in any manner, interfering with or obstructing the free use of the same, averring that the defendant is operating the track without the consent or permission of the complainant, and the defendant, in its answer, denies not only complainant's ownership of the side track, but alleges that it was constructed upon land which did not belong to the complainant, by the receivers of another railroad company, from whom the defendant purchased it, and alleges the manner of defendant's acquisition thereof, a temporary injunction issued upon the filing of the bill is properly dissolved upon the denials of the answer.

2. *Same; same.*—Where a bill is filed by one railroad company against another, to enjoin the defendant from crossing or attempting to cross the complainant's tracks, located in a designated city, or from making or attempting to make connections therewith, averring an attempt on the part of the defendant to lay switches or connections from its tracks to the tracks of the complainant, and that it intended to connect its tracks with or to cross the tracks of complainant with one of its tracks, without having obtained complainant's consent or acquired the right by condemnation proceedings, and the answer of the defendant specifically denies any attempt or intention to connect with or to cross the complainant's tracks, unless such connection or crossing is made in direct conformity to law, the temporary injunction issued upon the filing of the bill is properly dissolved on the denials of the answer.

APPEAL from the City Court of Anniston, in Equity.
Heard before the Hon. JAMES W. LAPSLEY.

The facts of the case are sufficiently stated in the opinion.

THOS. G. JONES, for appellant.—The answer is broad in general denials, and brings in much new matter, which can not be considered on motion to dissolve on

the denials of the answer.—*Farris v. Houston*, 78 Ala. 250; *Birmingham Mineral Railroad v. Bessemer*, 98 Ala. 276. Mere general denials will not suffice to dissolve an injunction—a literal denial, which, if true, does not conclude the existence of facts upon which the right may exist, substantially as averred by the complainant in his bill, will not be cause for the dissolution of an injunction. It is said in *Columbus & Western Railway v. Witherow*, 82 Ala. 190, that "the denial of legal conclusions properly deducible from the averments of the bill without stating the facts, will avail nothing." See also *Griffin v. Plank Road Co.*, 11 Ga. 246. The court is invested with wide latitude of discretion as to retaining the injunction in the face of denials in the answer.—*Harrison v. Yerby*, 87 Ala. 185. The nature of the contention, arising from the conflict between the bill and answer here, presents a case where the court will retain the injunction, notwithstanding the denials.—*Purnell v. Daniel*, 8 Iredell Eq., 9; *Troy v. Norment*, 2 Jones (N. C.), Eq., 318; *Burnley v. Cook*, 13 Texas, 586; *Yonge v. McCormick*, 6 Florida, 368; *Coeur D'Alane v. Miners Union*, 51 Fed. Rep. 262.

2. Appellee does not make an unequivocal denial of any intention to cross appellant's track or to connect with it. Construed most strongly against the pleader, the answer is an admission that appellee did have the intention to cross, &c., and that the preparations it made had that end in view.—Mills on Eminent Domain, § 107; Lewis on Eminent Domain, §§ 301–304.

3. It is not shown that the agent who verified the denials of the answer had any knowledge of the facts. It might well be that the chief officers or managing agents of the appellee, who controlled and directed the defendant corporation, and knew the motives with which its acts were done, were unwilling to swear to the denials; while affiant, a subordinate agent, not personally advised of the motives or intent of the defendant corporation, and deriving information from others, believed the denials in the answers were true and swore accordingly, and yet in fact they might be untrue.—*Poor v. Carleton*, 3 Sumner, 70; *Burnley v. Cook*, 65 Amer, Dec. 82; *Miller's Case*, 44 Miss. 682.

PETTUS & PETTUS, *contra*.—1. It will not be questioned that generally, where the answer is responsive to

the bill and denies its material allegations, the injunction should be dissolved as a matter of course. This we understand to be the general rule, with some exceptions. The exceptions being generally, in cases of special injunctions, where it is evident that irreparable injury, not capable of being compensated for in damages will result, and in such case, if the facts stated in the bill be true; the injunction may be properly retained until the hearing.

2. In this case as to the use of the side track claimed by the defendant, which is complained of in the bill, the question is presented as to whether or not a court of equity should, by injunction, interpose and take from the defendant a railroad track, which it and its predecessors have been in the possession and constant use of for nearly three years. This will not be allowed.—*West. Un. Tel. Co. v. Judkins*, 75 Ala. 428.

3. As to the alleged attempted crossing of the complainant's track by the defendant, the complainant has shown no right to maintain the bill. On the contrary, under the specific denials of the answer, the temporary injunction was properly disallowed. There is no averment in the bill showing irreparable injury, not capable of being compensated for in damages. Taking all the allegations to be true, every act complained of as having been done, or being intended, is capable of ample and speedy redress in a court of law against (the contrary not being averred) a perfectly solvent defendant. There can be no element of irreparable injury not capable of being compensated for in damages, for the reason that the defendant has the right to do every act charged in the bill as having been done, or being intended to be done. If the land upon which the track of the defendant is built is the property of the complainant, the defendant has the right to condemn it and appropriate it to its own use.—*Jones v. New Orleans & S. R. R. Co.*, 70 Ala. 227; *Mobile & Girard R. R. Co. v. Ala. Midland R. R. Co.*, 87 Ala. 520.

4. On the averments of the answer, a large sum must be paid daily to the complainant while the injunction remains in force. Its trade relations with its customer may be destroyed; its business as a common carrier crippled; its usefulness as a servant of the public in and about the city of Anniston greatly hampered and

[Alabama Mineral R. R. Co. v. Southern Railway Co.]

impaired. So no injury can result to the complainant; great injury must result to the defendant; and the injunction, which, we most respectfully submit, was improvidently granted, was properly dissolved.—*H. A. & B. R. R. Co. v. Bir. Un. R. R. Co.*, 93 Ala. 505; *East. & West. R. R. Co. v. East. Tenn., Va. & Ga. R. R. Co.*, 75 Ala. 275.

BRICKELL, C. J.—The Alabama Mineral Railroad Company, a corporation owning and operating, as a common carrier, a line of railroad from Calera to Attalla, passing through the city of Anniston, in this State, filed its original bill of complaint in this cause against the Southern Railway Company, a corporation owning and operating, as a common carrier, a line of railroad the terminal points of which are not stated, but which also enters into, and passes through the city of Anniston, praying an injunction restraining the defendant company (1) from crossing or attempting to cross the complainant company's railroad tracks located in that city, or from making or attempting to make connections therewith; and (2), from using a side track belonging to the complainant, or from any manner interfering with, or obstructing the free use of the same. The injunction having been issued as prayed, the defendant appeared and filed an answer, verified by the affidavit of one of its agents, and theupon moved to dissolve the injunction for want of equity in the bill, and upon the denials in its answer. Upon the hearing of this motion, the chancellor entered an interlocutory decree, dissolving the injunction, and from that decree the appeal is taken.

The only averment of the bill to which the portion of the prayer asking an injunction against the using of the sidetrack of complainant, can be referred, or upon which it can be based, is contained in the concluding clause of the third section of the bill. That section, after stating briefly the location of defendant's tracks in Anniston to a designated point, thus proceeds: "From which point said Southern Railway Company is operating a track which was constructed on the property of your orator by the receivers of the old East Tennessee, Virginia & Georgia Railway, without the consent or permission of your orator." Neither the circumstances under which, nor the time when the receivers constructed

this track, are stated. They may have had an absolute right to have constructed the track, acquired by judicial proceedings, or by lapse of time ; or the circumstances attending the construction of the track may have been such as to now preclude the complainant from injunctive relief. Nor is the court informed by the bill in what manner the defendant acquired possession from the receivers. The sole averment is, that the defendant is operating the track without the consent or permission of complainant. The defendant, in its answer to this section of the bill, not only denies that this track was constructed on the property of the complainant, but proceeds to give the time and circumstances under which it was constructed by the receivers, and the manner in which possession was acquired by defendant; all of which must be taken as responsive to the averment of the bill. The language of the answer in this regard, after stating that the track was in a street of Anniston, is : ''This defendant denies that said track is constructed on the property of the complainant, but, on the contrary, this defendant avers that said track was constructed in the month of April, 1893, by the receivers of the East Tennessee, Virginia & Georgia Railway Company, under and by virtue of an ordinance passed by the mayor and city council of the city of Anniston. That this defendant at a sale of the property and franchises of said East Tennessee, Virginia & Georgia Railway Company, became the purchaser of all the property, rights and franchises of the said East Tennessee, Virginia & Georgia Railway Company, and has been in the constant use and enjoyment of said track ever since that time. That from the month of April, 1893, up to the time of the issuance of the injunction in this case, on the twenty-first day of December, 1895, the receivers of the said East Tennessee, Virginia & Georgia Railway Company, and succeeding them, this respondent, has been in the constant possession, use, occupation and enjoyment of said track. That complainant was fully informed of the building of said track at the time it was built, and made no protest or objection to the building of said track, and this respondent and the receivers of the East Tennessee, Virginia & Georgia Railway Company have been continuously and notoriously in the possession, use and occupation of said track from the time

it was so constructed in the month of April, 1893, down to, and including the twenty-first day of December, 1895. That complainant allowed the said receivers of the East Tennessee, Virginia & Georgia Railway Company to enter upon the said land, and to build and construct said track at great expense, to-wit, at the expense of twenty-three thousand dollars, and has never, at any time up to the filing of the bill of complaint in this case, attempted in any way, by any legal proceedings, to restrain the said receivers or this respondent from the quiet use and enjoyment of said track." This, in our opinion, is an unequivocal denial of the allegations of the bill, requiring the dissolution of the injunction as to the occupancy of this track.

Turning to the other branch of the injunction, the averments of the bill as contained in section 4 are, in substance, that on or about the 20th day of December, 1895, the defendant, by and through its servants, agents and employés, attempted to lay switches or connections from its said track to the track of complainant at a designated point; and that upon information and belief, the defendant intended to connect its tracks with, or to cross the tracks of complainant with one of its tracks at the same or some other designated point, it is not clear which. In the sixth section of the bill it is averred, in substance, that the defendant had never obtained the consent of complainant to make any connections or crossings with the said tracks at any point, nor had it any contract or agreement for any such connections or crossings between its said tracks; that no legal proceedings had been instituted looking to the acquisition of the right to make any connections or crossings of complainant's tracks with the tracks of the defendant; and that, upon information and belief, the defendant was preparing to connect its tracks with the tracks of complainant, or to cross the same with its track, and such connections or crossings would injure the property of complainant, and increase the danger of operating its trains through the city of Anniston, and defendant would make the connections or crossings unless restrained by the process of the court. What constitutes the attempt charged, or what defendant has done to consummate such attempt, or the nature and extent of the preparation made, are not shown.

The defendant, answering the fourth section of the bill, the substance of which is given above, denies each and every allegation therein contained, and then proceeds: "On the contrary, respondent avers that before the 20th day of December, 1895, the complainant entered upon the track of this respondent and, by force and arms, tore up and threw into ditches the materials used in the construction of a switch which connected the track of the respondent with a track owned by the Woodstock Iron Company, *and the only thing which has been done by this respondent, or by any of its servants, agents or employes*, with reference to said track, was to take out of the ditches the materials so thrown therein and to lay them, without in any way attaching them to the ground, and without the use of any new material of any sort or description whatsoever, where they were laid before they were torn up by said complainant, and after they were laid upon the ground, the said complainant again, by force and arms, took up the said material and again threw it into said ditches; and, by force and arms, tore up the said track of said Woodstock Iron Company, and appropriated a part of the material, iron, rails and cross-ties, in the construction of another track; that the said switch so constructed by the respondent was constructed by and with the consent of the Woodstock Iron Company, and connected with the track of the said Woodstock Iron Company, *and not with the track belonging to the complainant.* This respondent *has never crossed or attempted to cross, at any of the points mentioned in said bill, any tracks belonging to the complainant.* That respondent is advised by counsel, and upon such advice states, that it has a right, under the constitution and laws of the State of Alabama, to cross the tracks of the complainant at such point or points as may be necessary to the useful and convenient use and operation of its railroad in and about the city of Anniston, *upon making just compensation therefor, and that respondent has never attempted to make any such crossing in any manner contrary to the laws of the State of Alabama, and has no intention of so making any such crossing.*" In the sixth section of the answer the respondent says: "*It has never attempted to make any crossing or connection with the track of complainant at any of the points mentioned in said bill of complaint. * * * * Respondent denies that it is pre-*

*paring to connect its track with the track of the complainant, or to cross the same with its track, unless such connection or crossing is made with strict conformity with the constitution and laws of the State of Alabama in such case made and provided.* This respondent denies that any crossing or connection so contemplated by this respondent will increase the danger of operating the trains of complainant through the said city of Anniston, because this respondent avers that any such crossing, at the place mentioned in said bill of complaint *is not proposed to be made by this respondent, except in conformity with the laws of the State of Alabama. And this respondent denies that any order of this court is necessary to restrain this respondent from making any crossing or connection with any of the tracks of the complainant."*

We have quoted fully from the answer in order that the several denials therein contained may appear in connection with the context, without intending to be understood as holding that all the averments quoted are responsive and can, therefore, be considered upon this appeal. Eliminating that which is not responsive, and it is sufficiently clear, in our opinion, that the answer denies the material allegations of the bill in respect to the defendant crossing or connecting with the tracks of the complainant, to warrant a dissolution of the injunction. If it is the purpose of the defendant to institute proceedings to condemn, this purpose is lawful, and should not be thwarted by injunction. In such case, if it be, as contended for on behalf of complainant, that the defendant has no right to condemn, this contention will be available to it in the proceedings instituted for that purpose. If, on the other hand, its purpose should be to unlawfully proceed to cross or connect with the tracks of complainant, and, during the pendency of this suit, it should proceed to carry into effect such purpose, on proper motion of complainant, the chancellor has the power to reinstate the injunction.

Affirmed.